**Not Recommended for Publication or Citation**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-CV-014-KKC

ADALBERTO LARA-PORTELA                                      PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

D.L. STINE and L. GREGORY                                   DEFENDANTS

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

This matter is before the Court on the Defendants' Motion to Dismiss or in the alternative, for Entry of Summary Judgment in their favor [Record No. 19] and the Plaintiff's Motion for Leave to Amend his Complaint [Record No. 36].

BACKGROUND

On January 11, 2007, Adalberto Lara-Portela,, an individual who was then incarcerated at the United States Penitentiary ("USP")-McCreary, in Pine Knot, Kentucky, filed the *pro se* civil rights complaint herein, claiming the jurisdiction of this Court under 28 U.S.C. § 1331 and pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). He claimed therein that the prison's Warden D.L. Stine and Medical Administrator L. Gregory had denied him appropriate medical care, thereby subjecting him to cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution; and he demanded injunctive relief[1] and damages from Stine and Gregory in their individual and official capacities.

On January 31, 2007, the Court granted the Plaintiff's Motion to Proceed *in forma pauperis*,

_____

[1] In the relief portion of his complaint, the plaintiff does not specify what injunctive relief he seeks, but the Court construes that he seeks further medical treatment.

screened his Complaint, and issued a Memorandum Opinion and Order, wherein Plaintiff's factual

allegations were summarized as follows:

> The plaintiff alleges that on January 31, 2006, while working in the prison
> dining room, he injured his back, hearing a loud "pop" at the time and suffering back
> pain, sometimes weakness and paralysis ever since that time.
> Plaintiff claims that when he sought treatment, the medical staff at U.S.P.-
> McCreary "took an x-ray or two . . . but claimed that he only need to exercise,"
> because he had no evidence of injury, merely "moderate . . degenerative changes."
> However, he insists, the exercises did not relieve his pain and the two defendants
> have denied his further complaints for additional medical treatment.
> After the plaintiff exhausted the Bureau of Prisons' ("BOP") administrative
> remedy procedures with no further medical attention being forthcoming, he attached
> the administrative documents to the instant complaint and signed and verified his
> allegations.  The Clerk of the Court received the complaint and accompanying
> motion to proceed *in forma pauperis* on January 11, 2007.

Record No. 5 at 2.  The Court concluded this Order with directions to the Clerk to issue summons

for the named Defendants to respond to the Plaintiff's Constitutional claim.

On May 30, 2007, the Defendants responded with the current Motion to Dismiss or for

Summary Judgment.

<u>DEFENDANTS' MOTION</u>

With their own declarations and one from the prison's Clinical Director, Dr. Richard

Ramirez, M.D, the Defendants begin their Motion with a long recitation of the medical attention

which they contend was provided to the Plaintiff, and they attach records which a BOP attorney

attests are accurate copies of original records about the Plaintiff and his medical care.[2]

The named Defendants then urge dismissal on several grounds.  They first point out that to

the extent that the Plaintiff seeks damages from the Defendants in their official capacities, his claim

---

[2]  The Court has ordered the declarations and supporting medical records [Record No. 22] kept under seal to
protect the prisoner's privacy.

2

is one against the United States and the United States enjoys sovereign immunity.  Therefore, the official capacity claims for damages must be dismissed.

As to the claims against Stine and Gregory in their individual capacities, these Defendants and Dr. Ramirez swear that they had no personal involvement in the medical care rendered to the Plaintiff.  Therefore, consistent with certain established case law, they cannot be held liable in a civil rights lawsuit; and consequently, these claims also should be dismissed.

As to the merits of the Plaintiff's claims, the Defendants contend that Lara-Portela received adequate and appropriate treatment for his subjective complaints, such that he did not suffer cruel or unusual punishment, as the standard for a Constitutional claim has been defined by the Supreme Court of the United States in *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  Therefore, with a record replete with medical attention to Plaintiff's complaints, there is purportedly no issue of material fact and the Defendants are entitled to Summary Judgement as a matter of law.

Finally, the Movants claim that they are entitled to qualified immunity under the well-known standards of *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  Accordingly, they urge dismissal of the instant complaint or entry of summary judgment in their favor.

Plaintiff's Response

Plaintiff Lara-Portela has filed an unverified Response [Record No. 35] in opposition to the Defendants' Motion.  He argues therein that the Motion should be denied.  Rather, he proposes that he be permitted to amend his complaint to add Defendants, as contained in a contemporaneously-filed Motion for Leave to Amend; and that the Court order a continuance for the purpose of Plaintiff's conducting discovery and obtaining affidavits of his own.

The Plaintiff agrees that damages are unavailable from the Defendants in their official

capacities, but he disagrees that Gregory and Stine were not personally involved. He insists that they have admitted to their supervisory and oversight duties over his medical care, and so liability attaches.

Lara-Portela also insists that his back pain meets the relevant objective standard for liability. He points to his repeated visits to and attention from prison medical personnel as recited by the Defendants and he attaches copies of some of his requests for medical attention. Plaintiff then reaches the opposite conclusion about these visits. "All of these visits appear to show that Plaintiff was getting proper medical treatment. However, a closer look shows the negligence." *Id.* at 8.

It is Plaintiff's position that an MRI is the appropriate diagnostic tool for deciding if surgery is necessary, and Dr. Richard Ramirez, with Gregory and Stine signing off, has failed to order an MRI because he wants to save money. Claiming that the Defendants are not entitled to judgment or qualified immunity, Lara-Portela asks that he be given discovery and time in which to obtain support for his claim.

### Defendants' Reply

The Defendants oppose discovery as it is one of the burdens from which the defense of qualified immunity protects individual federal employees. Further, as to the need for discovery, they submit that the Plaintiff has not carried his burden under Federal Rule of Civil Procedure 56 with regard to submitting an affidavit, specifying the discovery sought, and demonstrating a need for discovery as to pending issues. *See* Fed.R.Civ.P. 56(e)-(f). The BOP Defendants also repeat their contention that the personal involvement of both Stine and Gregory is missing in this case.

Therefore, Defendants Stine and Gregory request that Plaintiff's objections be overruled and that they be granted summary judgment.

4

PLAINTIFF'S MOTION TO AMEND

At the same time that he submitted his Response, the Plaintiff also submitted a Motion for Leave to File an Amended Complaint, pursuant to Federal Rule of Civil Procedure 15. Record No. 36. Relying on the provision in Rule 15 calling for leave to be "freely given," Lara-Portela seeks to add Dr. Richard Ramirez and "AHSA Spaulding" as Defendants herein, on the ground that they have both been personally involved in his treatment and have shown deliberate indifference. Also, "[a]s is shown in his Declaration, Dr. Rameriz [sic] treated the Plaintiff and has negligently mis-diagnosed the Plaintiff's treatment . . . [and] refuses to order an MRI and see if Plaintiff needs an operation. "

Defendants' Response

In their response, Defendants urge denial of Plaintiff's Motion on two grounds. They first argue that Plaintiff's action against the would-be new Defendants would be outside Kentucky's one-year statute of limitations for personal injury, which must be applied in *Bivens* actions alleging Constitutional violations.

The Defendants also contend that in his new claims, as in the complaint, the Plaintiff has failed to state a claim upon which this Court may grant relief. Defendants again deny that his back complaints were ignored. To the contrary, they point to the care provided to the Plaintiff and characterize his claim as a disagreement over his treatment, which is not cognizable in a *Bivens* action.

DISCUSSION OF DEFENDANTS' MOTION

Standards for Dismissal and Summary Judgment

Defendants Stine and Gregory have brought their dispositive Motion on alternative grounds. They first move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides

for dismissal for a Plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

In considering a Rule 12(b)(6) motion, a court must take well pled allegations as true and construe them most favorably toward the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

"To survive a motion to dismiss . . . , a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Nonetheless, conclusory allegations or conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005) (citations omitted), *cert. denied*, 547 U.S. 1111 (2006).

Rule 12(b)(6) continues, in pertinent part, as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Id.* Thus, the plain language of the rule requires that if the Rule 12(b)(6) motion has attachments, such as the affidavits and records herein, then the motion "shall" be converted into a motion for summary judgment pursuant to Rule 56. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993).

In the case *sub judice*, the Defendants have requested entry of summary judgment in their favor pursuant to Rule 56(b) as alternative relief.  Because the Defendants rely on declarations and medical exhibits, which go to the merits of their claims, and because this Court has considered the content of these documents, the Court converts the Defendants' Motion to one for Summary Judgment.  Therefore, the Court must also examine the standards for summary judgment.

Summary judgment should be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (2007). The evidence, all facts, and any inferences that may be drawn from the facts must be viewed in the light most favorable to the nonmovant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 245 (6th Cir.), *cert. denied,* 522 U.S. 967 (1997).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).  The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

The moving party has the burden of showing there is an absence of evidence to support a claim. *Celotex*, 477 U.S. at 324-25.  After the moving party carries its burden, the non-moving party must go beyond the pleadings to designate by affidavits, depositions, answers to interrogatories, and

7

admissions on file, specific facts showing that there is a genuine issue of material fact for trial.  *Id.*

If the non-moving party completely fails to prove an essential element of his or her case, then all

other facts are rendered immaterial.  *Id.* at 322-23.

Because the Defendants contend both that the Plaintiff has failed to meet the applicable

standards for stating a constitutional claim and also that they are entitled to qualified immunity, the

Court examines the standard for the latter also.  Qualified immunity is described by the Supreme

Court as follows:  "Government officials performing discretionary functions generally are shielded

from liability for civil damages insofar as their conduct does not violate clearly established statutory

or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457

U.S. 800, 818 (1982).  The Sixth Circuit has set out a tripartite procedure for evaluating claims of

qualified immunity, the first step of which is to determine whether a constitutional violation

occurred.  *See Dickerson v. McClellan*, 101 F.3d 1151, 1157-58 (6th Cir. 1996).

Therefore, the question of whether the named Defendants are entitled to qualified immunity

is the same as the initial question herein, *i.e.*, whether a constitutional violation occurred at the hands

of persons acting under color of federal law.  The Plaintiff has the burden of establishing both that

his rights were violated and that the Defendants are not entitled to qualified immunity.  *Wegener v.*

*Covington*, 933 F.2d 390, 392 (6th Cir. 1991); *Williams v. Mehra*, 186 F.3d 685, 692-93 (6th Cir.

1999) (quoting *Celotex*, 477 U.S. at 322).

<u>Official Capacity Claims</u>

With regard to the Defendants' first ground for dismissal, it is well established, and the

parties agree, that when damages are sought against federal employees in their official capacities,

the damages in essence are sought against the United States, which has sovereign immunity, and so

such claims cannot be maintained.  *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 874-75 (9th Cir. 1975).

As a result, federal jurisdiction under 28 U.S.C. § 1331 may be exercised against federal officers for damages only in their *individual* capacities for violations of constitutional or other rights under the doctrine of *Bivens*.  *Davis v. Passman*, 442 U.S. 228 (1979).  Thus, Plaintiff's Constitutional claims against the remaining federal Defendants in their official capacities for money damages under Section 1331 are barred by the doctrine of sovereign immunity and such claims must be dismissed.  *Garcia v. United States*, 666 F.2d 960 (5th Cir. 1982), *cert. denied*, 459 U.S. 832.

## Standards for Stating an Eighth Amendment Claim

To state a claim that is cognizable in a civil rights action against federal defendants in their individual capacities, pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), a plaintiff must plead two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the Defendants allegedly depriving him of those rights acted under color of federal law.  Such claims against federal officials are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights. *See Butz v. Economou*, 438 U.S. 478, 503-04 (1978).

It is true that in *Estelle v. Gamble,* 429 U.S. 97 (1976) that the United States Supreme Court set out the standards for stating a claim under the Eighth Amendment, writing that the prohibition against cruel and unusual punishment is violated when prison officials are deliberately indifferent to the serious medical needs of prisoners.  The Court explained further:

[D]eliberate indifference to serious medical needs of prisoners constitutes the

9

unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Id*. at 104-05 (internal quotation and citation omitted).   The *Estelle* Court concluded that such deliberate indifference provides a cause of action under 42 U.S.C. § 1983.   *Id.*   Hence, it is the standard for *Bivens* causes of action.

The proper analysis of an Eighth Amendment deliberate indifference to serious medical needs claim has been restated in the Sixth Circuit as follows:

The Supreme Court recently clarified this inquiry, noting that the deliberate indifference standard contains both an objective component (was the deprivation sufficiently serious?) and a subjective component (did the officials act with a sufficiently culpable state of mind?).   *Wilson v. Seiter*, 115 L. Ed. 2d 271, 279 (1991).

*Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992).   *See also Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir.2001), *cert. denied*, 537 U.S. 817 (2002); *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir.1993) (quoting *Estelle,* 429 U.S. at 104-05); *Hicks v. Frey,* 992 F.2d 1450, 1454-55 (6th Cir.1993).

To satisfy the objective component of an Eighth Amendment claim, a plaintiff must allege that the medical need at issue is "'sufficiently serious.'"   *Comstock*, 273 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).   A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo County,* 390 F.3d 890, 897 (6th Cir.2004) (citation omitted); *see also Loggins v. Franklin County, Ohio*, 2007 WL 627861 (6th Cir. 2007) (unpublished).

10

"Deliberate indifference," the subjective component of an Eighth Amendment claim, requires a culpable state of mind on the part of the Defendant(s). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk. *Comstock*, 273 F.3d at 703.

Deliberate indifference may be "manifested by prison doctors in their response to a prisoner's needs or by prison [staff] in intentionally *denying or delaying* access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104 (emphasis added). A prisoner states the proper Eighth Amendment component of the culpable state of mind "when he alleges that prison authorities have denied reasonable requests for treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Sanderfer v. Nichols,* 62 F.3d 151, 155 (6th Cir.1995); *Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991); *Byrd v. Wilson*, 701 F.2d 592, 595 (6th Cir. 1983) (per curiam).

<u>Application of Standards Herein</u>

A plaintiff in a civil rights lawsuit must do more than make broad allegations that a person was "deliberately indifferent." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). He must assert that each defendant was personally involved in any complained-of action. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984); *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979).

In order to find supervisory personnel liable, a plaintiff must allege that the supervisor

11

condoned, encouraged or participated in the alleged misconduct.  *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989).  The instant Plaintiff's allegations do not contain any such description of the original Defendants' personal involvement in his allegedly insufficient medical care.  Therefore, Warden Stine and Medical Administrator Gregory are entitled to dismissal from this lawsuit in their individual capacities.  *See Shehee v. Luttrell*, 199 F.3d 295, 299-300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000).

The Plaintiff's construed claims for injunctive relief fare no better.  To the extent that Plaintiff has sought undefined injunctive relief, which the Court has construed as a request for additional or different medical attention, his recent transfer bars the relief sought.  "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief."  *Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir.) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)), *cert. denied*, 508 U.S. 940 (1993).

As applied to prisoner-plaintiffs, this means that claims for injunctive relief are mooted upon that prisoner's release or transfer.  *See Weinstein v. Bradford*, 423 U.S. 147, 148 (1975) (per curiam); *White v. State*, 82 F.2d 364, 366 (10th Cir. 1996); *Goar v. Civiletti*, 688 F.2d 27, 29 (6th Cir. 1982). If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless "he can demonstrate that he is likely to be retransferred."  *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988).  Such is not present herein.  *See Higgason v. Farley*, 83 F.3d 807 (7th Cir. 1996).

Finally, the Court also finds that even were the above-stated fatal elements not present, the Plaintiff has failed to state a cognizable Eighth Amendment claim, a failure which mandates dismissal.  Even assuming that Lara-Portela's complaints of discomfort are as severe as he swears

them to be, thus satisfying the objective requirement of having a serious medical need, the Court cannot find the subjective component of such a claim.

"The state of mind requires that the official 'consciously disregard' a substantial risk of serious harm. Thus, a showing of deliberate indifference requires a showing of the official's actual awareness of a substantial risk of serious harm." *Brooks v. Celeste,* 39 F.3d 125, 128 (6th Cir.1994). The "inflicting official [must] act or fail to act with subjective awareness of the deprivation." *Id.* at 129.

In the case *sub judice*, the exhibits and declarations in the record show that Plaintiff's back was x-rayed less than 3 weeks after the injury and it showed only "moderate lumbosacral (L-5-S1) lower spine degenerative changes."  During 2006, Lara-Portela appeared for and was given medical attention on February 31st, 5th, 9th, 14th, 17th, March 21st, 24th, 31st, April 7th and 10th, May 2nd, June 16th and 20th,  July 6th, August 3rd, September 19th, October 12th, 23rd, 30th,  November 21st, and December 11th.  At one of the October appointments, another x-ray was taken, again showing the degenerative changes but not showing abnormalities calling for surgery, according to the experts of the Walter Reed Army Medical Center, who evaluated the x-rays.

The records herein further show that during medical appointments, Plaintiff was examined by several doctors and other medical personnel, all of whom tried to alleviate his pain.  None called for an MRI or surgical consult.  At some of his appointments, Lara-Portela admitted to having good days, on another occasion said that he was doing OK, and reported that his difficulty getting out of bed had been a back problem for several years.  A variety of treatments by a variety of medical personnel were tried over time – and continued if Plaintiff reported any relief –  including applications of a topical cream, warm compresses, pain medications, anti-inflammatory drugs, and

exercises, including yoga, which the Plaintiff claimed helped.

The Court concludes that the Plaintiff has failed to present evidence going to the necessary culpable state of mind on the part of either named Defendant, and so he has failed to present a cognizable Eighth Amendment claim. Plaintiff's discomfort, accepted as true for today's purposes, was treated upon his complaints and the treatments varied when one approach did not seem to be working. There is no evidence of any federal official's deliberate indifference.

Lara-Portela has fixated on obtaining an MRI but has offered no support for his claim that the lack of an MRI over an 11-month time period evidences deliberate indifference on the part of the Defendants. Rather, the Court finds that Plaintiff has established only that he was not satisfied with the treatment provided to him, and the Supreme Court has stated that a difference of opinion regarding the plaintiff's diagnosis and treatment does not state a Constitutional claim. *Estelle*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d at 860 n.5.

The Supreme Court's *Estelle* case, in fact, dealt with an injury to a prisoner's back. The doctor who first examined the prisoner-plaintiff in *Estelle* treated him for a lower back "strain" and prescribed pain and muscle relaxing medication. Despite his continuing complaints of severe back pain, the prison medical personnel continued to treat Gamble with only pain relievers for three months, without an x-ray. Even then, the High Court held that the question of whether an x-ray "or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment . . . [and a] decision not to order an X-ray, *or like measures*, does not represent cruel and unusual punishment. At most it is medical malpractice." 429 U.S. at 107 (emphasis added). No Constitutional claim against medical personnel was stated by Plaintiff Gamble, but the case was remanded to determine whether a cause of action had been stated against other prison

officials. *Id.* at 108.

Defendants herein do not deny that the Plaintiff suffers chronic back pain. They deny being deliberately indifferent to it. On the instant record, the Court finds no evidence of deliberate indifference in the mind of any named party. This is consistent with *Gamble* and case law springing from *Gamble* in this circuit, including *Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (noting that "courts have imposed liability upon prison officials only where they are 'so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain'") (quoting *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)).

At most, the instant Plaintiff has alleged a difference in opinion with his health care provider regarding the expediency of specific treatment. This does not generally create a constitutional claim. *See Tolbert v. Eyman*, 434 F.2d 625 (9th Cir. 1970); *Byrd v. Wilson*, 701 F.2d 592, 595 (6th Cir. 1983) (per curiam). Nor does it herein. *See Shofner v. Comacho*, 230 F.3d 1359 (6th Cir. 2000) (unpublished) (affirming *sua sponte* dismissal of case presenting a disagreement over a private surgeon's recommendation for surgery and the corrections officials' choosing against surgery for prisoner's back problem, including degenerative cervical disc disease), *cert. denied*, 531 U.S. 1156 (2001).

Here the prisoner is receiving treatment, and the treatment is based on the considered professional judgment of a physician. There are numerous unpublished Sixth Circuit opinions which apply the *Westlake v. Lucas's* holding that where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to "second-guess" medical judgments and to constitutionalize claims which would sound in state tort law. *See Wilson v. Wilkinson,* 62 Fed. Appx. 590, 2003 WL 1795812 (6th Cir. 2003) (Not selected for

15

publication in the Federal Reporter); *Wooley v. Campbell,* 63 Fed. Appx. 789, 2003 WL 1795708 (6th Cir. 2003); *Simpson v. Ameji,* 2003 WL 236520 (6th Cir. 2003); *Murray v. U.S. Bureau of Prisons*, 106 F.3d 4011997 WL 34677, *3 (6th Cir. 1997).

In the district courts of the Sixth Circuit, *see also*, *Alqam v. United States*, 2007 WL 891864, *7 (E.D. Ky. 2007); and *Maclennan v. Bureau of Prisons*, 2007 WL 3001353, *3 (N.D. Ohio 2007) (slip op.); *McCarthy v. Place*, 2007 1683616, *4 (S.D. Ohio 2007) (slip op.). Similarly, at most, the Plaintiff disputes the sufficiency of the conservative course of medical treatment which he received, but the record herein indicates that the Plaintiff was routinely and regularly evaluated and that his condition was at all times given serious attention.

Nor does Lara-Portela's assertion that the Defendants were negligent change this conclusion. Allegations of medical malpractice or negligent diagnosis and treatment are not cognizable under § 1983 or *Bivens*. *See Estelle v. Gamble*, 429 U.S. at 106; *Birrell v. Brown*, 867 F.2d 956, 958 (6th Cir. 1989).

The Court concludes that despite extensions of time to do so, the instant Plaintiff has failed to carry his burden in opposition to the Defendant's motion. He has failed to come forward with the required "affirmative evidence" to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 257. A litigant opposing the motion must employ proof other than the pleadings to establish the existence of specific triable facts. *Celotex Corp*, 477 U.S. at 324; *see also Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990).

Finding that the Plaintiff in the case *sub judice* has established no genuine issue of material fact and that the Defendant is entitled to judgment as a matter of law, the Court will grant Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, and this

16

case will be dismissed on the merits.

DISCUSSION OF THE PLAINTIFF'S MOTION

With regard to the Plaintiff's Motion for Leave to Amend his Complaint to add two new BOP defendants, the Court recognizes that amendments should be freely granted under Rule 15, in the absence of futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

However, the Court also recognizes that futility occurs when the complaint, as amended, could not withstand a motion to dismiss. *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1995); *see also Hamilton v. Bean*, 745 F.2d 1034, 1036 (6th Cir. 1984) (quoting *Hohensee v. Akron Beacon Journal Publishing Co.*, 277 F.2d 359, 360 (6th Cir.), *cert. denied*, 364 U.S. 914 (1960)); *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980).

This Court finds that the amendment proposed herein would be futile, as the infirmities of the original complaint herein would not be dissipated by the amendment. *Hamilton v. Bean*, 745 F.2d 1034, 1036 (6th Cir. 1984). The new claims against Dr. Ramirez and AHSA Spaulding would, in fact, suffer some of the same fatal infirmities as his original claims. To the extent that the Plaintiff seeks injunctive relief, neither of these two men is able to provide the treatment which Lara-Portela wishes in his current prison, in White Deer, Pennsylvania, and so the claims for injunctive relief would be dismissed. They would also be entitled to dismissal of the claims for damages against them in their official capacities, on the same sovereign immunity grounds as the original Defendants herein.

With regard to the claims against these two new BOP staff members in their individual

17

capacities, the Plaintiff identifies two new Defendants who are alleged to have personally provided medical attention to him. However, he has again failed to present evidence of deliberate indifference on the part of either, only a dissatisfaction with the chosen treatments. With the Plaintiff's medical records before it, the Court concludes Plaintiff has again failed to present a cognizable Eighth Amendment claim which would survive a motion to dismiss. *Westlake v. Lucas*, 537 F.2d at 860 n.5.

Therefore, amendment will not be allowed.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1)     The Defendants' Motion for Dismissal and Summary Judgment [Record No. 19] is **GRANTED**.

(2)     Plaintiff's Motion for Leave to Amend [Record No. 36] is **DENIED**.

(3)     Plaintiff Adalberto Lara-Portela's cause of action herein will be **DISMISSED**, with prejudice, and a contemporaneous Judgment shall issue in favor of the Defendants.

Dated this 2nd day of January, 2008.



**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**